## Harding et al. v. Board of Drainage Commissioners of McCracken County.

(Decided February 5, 1929.)

M. E. GILBERT for appellant.

A. E. BOYD for appellee.

Opinion of the Court by Chief Justice McCandless—Affirming.

A. Harding and Garrett Harding, filed a petition in equity against the board of drainage commissioners of McCracken county to set aside a certain judgment granting a writ of possession in favor of defendants and to quiet plaintiff's title to 10 acres of land described in the petition. It is substantially alleged that the board of drainage commissioners has caused an assessment lien to be enforced against the described property; that it was sold by the sheriff and purchased by the commission, and thereafter, in a suit regularly brought for that purpose against these plaintiffs, a writ of possession was awarded the commission for the lands described; it now being alleged in general terms that the judgment was void, the specific grounds of invalidity being:

"Because the defendant failed and refused to advertise the said land as required by law and in describing same by metes and bounds, and in posting notices describing same by metes and bounds and by failing and refusing to notify this plaintiff by written notice so required and further by not offering a lesser amount of said land for the purpose, and further at said time said land was attempted to be sold by the sheriff of McCracken county there was a mortgage of record on said land held by the Federal Land Bank of Louisville and that it was not made a party to the action. A copy of the judgment was made an exhibit with the petition."

The gravamen of the pleading, as we construe it, is that the judgment awarding the writ of possession was void. The proper proceeding in such a case would be to enter a motion to set the judgment aside and to bring the original record to this court for review. See section 763, Civil Code. Perhaps the same result can be reached on a pleading brought pursuant to the provisions of section 520 of the Civil Code. That practice is here attempted, but in such a pleading it is essential to embody a transcript of the record in the original action as a part of the petition. Rice v. Wyatt, 76 S. W. 1087, 25 Ky. Law Rep. 1060; Weir v. Weir, 45 S. W. 66, 19 Ky. Law Rep. 2005; Lousviille Tob. Warehouse Co. v. Wood. 82 S. W. 456, 26 Ky. Law Rep. 769; Flint v. I. C. Ry. Co., 97 S. W. 736, 29 Ky. Law Rep. 1149.

As said in Louisville Tobacco Warehouse Co. v. Wood, supra: "In a number of cases the rule has been laid down that the proceedings in the old case must be pleaded in full, or so set out as to give the court the substance of the matter, and that regularly a copy of the proceedings should be filed with the pleading."

It will be observed that the allegations of the present petition, as set out supra, are for the most part conclusions, but, if properly pleaded, all of the objections raised may have been fully met in the action in which the judgment was rendered.

It follows that the court did not err in sustaining a demurrer to the petition.

Wherefore, perceiving no error, the judgment is affirmed.